IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| JOHN SETTLES, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 13-2543-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

___

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

___

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner John Settles ("Settles"), Bureau of Prisons register number 24475-076, an inmate at USP Terre Haute in Terre Haute, Indiana (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Settles's § 2255 Motion is **DENIED**.

## BACKGROUND

**I.  Criminal Case Number 10-20315**

On September 22, 2010, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Settles, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Indictment, *United States v. John Settles*, 2:10-cr-20315-2-STA (W.D. Tenn.), ECF No. 1.) Settles entered a plea of not guilty. Thereafter, without an agreement with the United States, Settles decided to plead to the

1

indictment and changed his plea to guilty at a change of plea hearing on August 16, 2011. On November 18, 2011, the Court sentenced Settles to a term of imprisonment of 60 months to be followed by three years supervised release and imposed a special assessment of $100. (*See* Judgment, ECF No. 63.) Settles did not take a direct appeal.

B. Civil Case 13-2543

On July 18, 2013, Settles filed his *pro se* § 2255 Motion, challenging his sentence in light of the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In his § 2255 Motion, Settles argues that his sentence violated the Sixth Amendment because the Court improperly enhanced his sentence based solely on court-found facts. Settles filed his § 2255 Motion using a form application, though the application is not the official form. In response to a question about the timeliness of his Motion on the form he used, Settles answered that a substantive change in the law had occurred as a result of *Alleyne* and therefore entitled him to file the § 2255 outside of the one-year statute of limitations. On January 14, 2014, the Court entered an order directing the United States to respond to Settles' Motion. (Order Directing Response, ECF No. 3.) The government filed its response to Settles' Motion on February 5, 2014. (Answer, ECF No. 4.) The certificate of service reflects that a copy of the government's response was mailed to Settles at his address of record. (*Id*. at 5.)

In its response, the government argues that Settles' § 2255 Motion is clearly time-barred. The one-year statute of limitations commenced on the date the judgment against Settles became final. Settles did not pursue a direct appeal of the judgment, and so the one-year limitations period began to run ten days after the entry of judgment. According to the government's calculation, the one-year statute of limitations ran on or around December 2, 2012. Settles filed his § 2255 Motion more than seven months later on July 18, 2013. Settles' argument that

2

*Alleyne* established a new rule of constitutional law allowing him additional time to file his § 2255 Motion is without merit. For these reasons, the Court should hold that the Motion is untimely. On the merits, the United States argues that *Alleyne* has no impact on Settles' sentence and criminal conviction. According to the government, *Alleyne* "addressed the enhancement of a sentence under 924(e) based on elements of the crime and not sentencing factors." Furthermore, Settles cannot challenge his sentence for the first time in a § 2255 Motion. Therefore, Settles has not carried his burden to show that he is entitled to any relief.

## STANDARD OF REVIEW

Settles seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255 motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, by unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then entitled to

---

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[9] *Id*.

reply to the government's response.[10]  The habeas court may also direct the parties to provide additional information relating to the motion.[11]  The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

## ANALYSIS

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates."[13]

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

In this case, § 2255(f)(1) applies, and the statute of limitations for Settles' collateral attack began to run from the date on which the judgment of conviction became final.  "A conviction becomes final when the time for direct appeal expires and no appeal has been filed."[15]  The Court entered judgment on November 18, 2011, and Settles did not take a direct appeal.  The United States

---

[10] Rule 5(d), Section 2255 Rules.

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[13] *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States,* 521 F.3d 625, 629 (6th Cir. 2008)).

[14] 28 U.S.C. § 2255(f); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

[15] *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

argues that the judgment against Settles became final ten days later. Assuming then that the one-year statute of limitations began to run from that date, Settles' § 2255 Motion is untimely. Settles filed his Motion on July 18, 2013, more than seven months after the statute of limitations had expired.

To surmount this obvious time problem, Settles relies on § 2255(f)(3), which provides that a statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review."[16] Settles argues that the Supreme Court recognized a new right in *Alleyne*. As such, Settles had one year from the Supreme Court's decision in Alleyne in which to file his Motion under § 2255(f)(3). This argument lacks merit because Alleyne was not made retroactively applicable to cases on collateral review. The Sixth Circuit has held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[17] With specific reference to *Alleyne*, the Sixth Circuit has stated

> Even assuming that *Alleyne* announced a new rule, we cannot identify any Supreme Court decision that makes *Alleyne*'s ruling retroactively applicable to cases on collateral review, nor does any language in *Alleyne* suggest that the Supreme Court was making the new rule it announced retroactively applicable to cases on collateral review. Therefore, any new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court.[18]

---

[16] 28 U.S.C. § 2255(f)(3) (emphasis added).

[17] *In re Mazzio*, 756 F.3d 487, 489 (6th Cir. 2014) (quoting *Tyler v. Cain,* 533 U.S. 656, 663 (2001)).

[18] *Id.* at 489-90.

6

Settles' reliance on § 2255(f)(3) to save his untimely Motion is misplaced. Therefore, the Court holds that Settles' Motion is time-barred, and Settles has not shown how equitable tolling of the one-year statute of limitations for his § 2255 Motion is warranted.[19]

Even if Settles could get around the untimeliness of his Motion, the Court holds that Settles' Motion fails on the merits. The only merits issue raised in Settles' Motion is his claim that the Court engaged in impermissible fact-finding to enhance his sentence. But because *Alleyne* does not apply retroactively to cases on collateral review, the Court holds that *Alleyne* cannot apply in this case. Moreover, Settles appears to misunderstand the holding in *Alleyne*: "judicial factfinding that affects the guidelines calculation does not fit within the category of facts required under *Alleyne* to be found by a jury beyond a reasonable doubt."[20] Settles has not shown how *Alleyne* applies in his case. Therefore, even if Settles' Motion was not filed out of time, the Motion would be denied on the merits.

Having concluded that Settles' Motion is time-barred and otherwise without merit, the § 2255 Motion is **DISMISSED**.

**IV. Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if

---

[19] *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) ("[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.") (internal quotation marks omitted).

[20] *Rogers v. United States,* 561 F. App'x 440, 444 (6th Cir.) *cert. denied,* 135 S. Ct. 500 (2014)

the applicant has made a substantial showing of the denial of a constitutional right."[21] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[22] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[23] A COA does not require a showing that the appeal will succeed.[24] Courts should not issue a COA as a matter of course.[25]

In this case, for the reasons previously stated, the issue raised by Settles lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[26] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate

---

[21] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[22] 28 U.S.C. §§ 2253(c)(2) & (3).

[23] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[24] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[25] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[26] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

Procedure 24(a).[27] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[28] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[29]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[30]

## CONCLUSION

Settles' Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 was filed outside of the statute of limitations for such motions. Settles has not shown why he is entitled to any relief. Therefore, Settles' § 2255 Motion is **DISMISSED.**

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 18, 2015.

---

[27] *Id.* at 952.

[28] *See* Fed. R. App. P. 24(a)(1).

[29] *See* Fed. R. App. P. 24(a) (4)-(5).

[30] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.